UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CYNTHIA ATHENA BURNS,
          *Defendant-Appellant.*

No. 00-4813

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-99-898)

Submitted: May 17, 2001

Decided: May 25, 2001

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Benjamin Thomas Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Cynthia Athena Burns was convicted by a jury of three counts of mail fraud, in violation of 18 U.S.C. § 1341 (1994), for which she was sentenced to eighteen months imprisonment.* Burns' counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether: (1) the evidence was sufficient to sustain Burns' conviction, and (2) the district court erred in denying Burns' motion for a new trial based on juror misconduct. Burns was informed of her right to file a pro se supplemental brief, but has not done so.

The jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). The court must also "allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). With these standards in mind, we find that there was sufficient evidence to sustain Burns' conviction.

Burns also argues that the district court erred in denying her motion for a new trial based on alleged improper contact with a juror. A claim of private contact, communication, or tampering with a juror creates a presumption of prejudice. *Remmer v. United States*, 347 U.S. 227, 229 (1954). The presumption of prejudice is rebuttable, however. *Id.* A defendant must support a claim of extrajudicial juror contact by competent evidence, and show that the contact was more than innocuous. *Howard v. Moore*, 131 F.3d 399, 422 (4th Cir. 1997). Burns cannot meet this burden. Moreover, the district court acted properly when the situation came to its attention, and we find no error in its determination that a new trial was not warranted.

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. We therefore affirm. This court requires that counsel inform her client, in writing, of his right to petition the

---

*After Burns filed her notice of appeal, the district court reduced her sentence to twelve months and one day.

Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*